UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Civil Action No. 8:22-cv-01175

ALISHA S. LOLLIS, individually, and on behalf of all others similarly situated,

　　Plaintiff,

v.

SOUTHWEST CREDIT SYSTEMS, L.P.,

　　Defendant.
_____/

## CLASS ACTION COMPLAINT

**NOW COMES**, ALISHA S. LOLLIS ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through her undersigned counsel, complaining of SOUTHWEST CREDIT SYSTEMS, L.P. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

5. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Largo, Florida.

6. Defendant is a prominent national debt collector that collects debts owed to third parties.

7. Defendant maintains its principal place of business in Carrolton, Texas.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

9. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

10. In January 2022, a debt allegedly owed by Plaintiff or a third party was placed with Defendant for collection ("subject debt").

11. In January 2022, Plaintiff started receiving automated text messages on her cellular phone from Defendant in an attempt to collect the subject debt.

12. Specifically, on January 11, 2022, Plaintiff received a text message from Defendant stating:

> "We have an important message from Southwest Credit. This is a message from a debt collector. Please call 972-787-0833. Reply STOP to opt out."

13. Immediately after receiving the text message from Defendant, Plaintiff replied "Stop."

14. Despite Plaintiff's request that the text messages stop, Defendant continued to send unwanted text messages to Plaintiff.

15. Specifically, Defendant sent Plaintiff the same text message referenced in Paragraph 12 on January 12, 2022 and January 13, 2022.

16. In response to the January 12, 2022 text message from Defendant, Plaintiff responded "Stop texting me I already said stop I will find a lawyer and sue you for harassment."

17. In response to the January 13, 2022 text message from Defendant, Plaintiff responded "STOP HARASSING ME."

18. Despite Plaintiff's multiple requests that Defendant cease its harassing text messages, Defendant continued sending Plaintiff text messages.

19. Specifically, on January 17, 2022, Defendant sent Plaintiff another text message that contained the same language as the text message referenced in Paragraph 12.

20. Defendant's text messages were sent from various numbers, including: (972) 787-0833; (972) 945-3775; (972) 945-3802 and (972) 787-0787.

21. Frustrated with Defendant's harassing text messages and Defendant's refusal to cease the text messages, Plaintiff placed a call to the number listed in Defendant's text messages.

22. Upon the call connecting to the number listed in Defendant's text messages, Plaintiff was greeted with a recording that stated the telephone number was not in service.

23. Plaintiff was perplexed as to the reason Defendant would provide her with a phone number that is not in service.

24. Given Defendant's failure to identify the debt that it was attempting to collect and the non-working number that Defendant provided Plaintiff in its text messages, Plaintiff has been unable to determine the debt that Defendant is attempting to collect.

25. Upon information and belief, the subject debt is a "debt" as defined by §1692a(5) of the FDCPA as Defendant does not collect commercial debt. The underlying debt that Defendant was attempting to collect from Plaintiff will be identified through the discovery process.

26. At no point in time did Plaintiff provide Defendant with her cellular phone number or otherwise consent to Defendant's text messages.

27. At no point in time did Defendant send any written correspondences to Plaintiff.

28. Defendant's unwanted text messages have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unwanted text messages, increased risk of personal injury resulting from the distraction caused by the text messages, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, frustration, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

29. Due to Defendant's refusal to honor Plaintiff's request that it cease its invasive text messages, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLASS ALLEGATIONS

30. Paragraphs 5 through 29 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Classes") defined as follows:

### Cease Text Class

> All individuals in the United States (1) to whom Defendant placed, or caused to be placed, a text message; (2) directed to a number assigned to a cellular telephone service; (3) after receiving a "stop" request; (4) within one year preceding the date of this complaint through the date of class certification.

### Validation Notice Class

All individuals in the United States (1) that received a text message from Defendant; (2) in which the text message was the initial communication from Defendant; (3) that did not receive a validation notice required by 15 U.S.C. §1692g(a) from Defendant that was post-marked within 5 days of Defendant's text message.

32. The following individuals are excluded from the Putative Classes: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.    Numerosity**

33. Upon information and belief, the members of the Putative Classes are so numerous that joinder of them is impracticable.

34. The exact number of the members of the Putative Classes is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

35. The members of the Putative Classes are ascertainable because the Classes are defined by reference to objective criteria.

36. The members of the Putative Classes are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.    Commonality and Predominance**

37. There are many questions of law and fact common to the claims of Plaintiff and the Putative Classes.

38. Those questions predominate over any questions that may affect individual members of the Putative Classes.

**C.    Typicality**

39. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.    Superiority and Manageability**

40. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

41. The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution.

42. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

43. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.   Adequate Representation**

44. Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

45. Plaintiff has no interests antagonistic to those of the Putative Classes and Defendant has no defenses unique to Plaintiff.

46. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692d)
### (On behalf of Plaintiff and the Members of the Cease Text Class)

47. Paragraphs 5 through 29 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a.  Violations of FDCPA § 1692d**

48. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse *any* person in connection with the collection of a debt." 15 U.S.C. §1692d (emphasis added)

49. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or

continuously with intent to annoy, abuse, or harass *any* person at the called number." 15 U.S.C. §1692d(5) (emphasis added).

50. Defendant violated §§ 1692d and d(5) of the FDCPA by placing text messages to Plaintiff's cellular phone number in an attempt to collect the subject debt after being requested to cease it harassing text messages.

51. There is no question that Defendant knew it was harassing Plaintiff as Plaintiff explicitly notified Defendant that its text messages were harassing.

52. Defendant's conscious decision to continue sending text messages to Plaintiff after it had actual knowledge that its text messages were harassing Plaintiff demonstrates Defendant's intent to harass and/or annoy Plaintiff.

53. Defendant's conduct in systematically placing unwanted text messages to Plaintiff's cellular phone number is inherently harassing and abusive.

54. Moreover, the fact that Defendant listed a non-working number in its text messages is illustrative if its intent to harass and/or annoy Plaintiff.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Cease Text Class, requests the following relief:

    a. an order granting certification of the Cease Text Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

    b. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

c. Awarding Plaintiff and the members of the Cease Text Class statutory and actual damages, in an amount to be determined at trial, for the underlying violations;

d. Awarding Plaintiff her reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II:
**Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692g)**
**(On behalf of Plaintiff and the Members of the Validation Notice Class)**

55. Section 1692g(a) provides:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

56. Section 1692g(a) of the FDCPA requires debt collectors to provide consumers with the disclosures listed in Paragraph 55 within 5 days of the debt collector's initial communication with a consumer.

57. The required disclosures are commonly referred to as the "validation notice."

58. Defendant violated §1692g(a) by failing to send Plaintiff a validation notice within five days of its initial communication with Plaintiff, which was the January 11, 2022 text message.

59. Accordingly, Defendant failed to provide Plaintiff with critical information required by the FDCPA.

### COUNT III:
### Violations of the Florida Consumer Collection Practices Act
### (Fla. Stat. § 559.55 *et seq*.)
### (Plaintiff individually)

60. Paragraphs 5 through 29 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

61. The FCCPA, pertinent part, states:

> "In collecting consumer debts, no person shall…willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse

> or harass the debtor or any member of her or his family."
> Fla. Stat. §559.72(7)

62. Defendant violated Fla. Stat. § 559.72(7) by sending frequent and unwanted text messages to Plaintiff's cellular phone in an effort to harass Plaintiff into paying the subject debt.

63. Plaintiff was harassed and abused by Defendant's unwanted text messages.

64. The FCCPA was designed to protect consumers such as Plaintiff from the precise conduct committed by Defendant.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

a. a finding that Defendant violated Fla. Stat. § 559.72(7);

b. an award of actual damages sustained by Plaintiff as a result of Defendant's violations;

c. an award of additional statutory damages, as the Court may allow;

d. an award of reasonable attorney's fees and cost ; and

e. any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: May 23, 2022                                    Respectfully submitted,

**ALISHA S. LOLLIS**

By: /s/ Alexander J. Taylor

Alexander J. Taylor, Esq., *Of Counsel*
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com